UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KEVIN THURMOND,

                    Plaintiff,

v.                                    **MEMORANDUM OPINION**
                                    **<u>AND ORDER</u>**

AVION THOMAS-WALSH and FREDERICK
BERNSTEIN,                           18-CVv-00409 (PMH)

                    Defendants.
---------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

Plaintiff Kevin Thurmond ("Plaintiff"), who is presently incarcerated at the Woodbourne

Correctional Facility and who is proceeding *pro se* and *in forma pauperis*, commenced this

action pressing claims against Avion Thomas-Walsh and Frederick Bernstein (collectively

"Defendants") in a Complaint dated January 8, 2018 and filed via ECF on January 12, 2018.

(Doc. 2). Plaintiff asserted, pursuant to 42 U.S.C. § 1983, an Eighth Amendment claim alleging

that Defendants were deliberately indifferent to his medical needs, and a First Amendment claim

alleging that Defendants retaliated against him for filing grievances. On March 29, 2019, Judge

Karas, who presided over this action before it was reassigned to me on April 16, 2020, dismissed

Plaintiff's Eighth Amendment claim. (Doc. 26).

Thereafter, on April 6, 2020, Defendants filed a motion for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 43; Doc. 44, "Defs. Br."). Defendants

argue that the statute of limitations on Plaintiff's First Amendment claim for relief expired on

January 8, 2018 and that Plaintiff's Complaint was not filed by that date. (Defs. Br. at 6). While

Defendants acknowledge that Plaintiff's Complaint is dated January 8, 2018, Defendants argue

that Plaintiff "did not deliver [his Complaint] for mailing on 1/8/2018," but rather that Plaintiff

"presented [the Complaint] for security clearance on 1/9/2018 and paid for postage on 1/10/2018 which resulted in [the Complaint being] mailing on 1/10/2018." (*Id.* at 7). Thus, according to Defendants, "[t]he earliest [Plaintiff] presented [the Complaint] for security clearance was 1/9/2018 . . . one (1) day after the statute of limitations expired." (*Id.* at 7-8). In support of their motion, Defendants submitted to the Court the Declaration of Brenda Clark dated April 3, 2020 (Doc. 54, the "Clark Declaration")[1] and a document entitled "Disbursement or Refund Request" dated January 9, 2018 (Doc. 43-2, the "Disbursement Form").

Plaintiff filed opposition to Defendants' motion on May 7, 2020 (Doc. 45) and the motion was fully briefed as of May 11, 2020 with the filing of Defendants' Reply (Doc. 46).

For the reasons that follow, Defendants' motion for judgment on the pleadings is DENIED.

## STANDARD OF REVIEW

"The standards to be applied to a motion for judgment on the pleadings pursuant to Rule 12(c) are the same as those applied to a motion to dismiss pursuant to Rule 12(b)." *S.E.C. v. Rorech*, 673 F. Supp. 2d 217, 220 (S.D.N.Y. 2009) (citing *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006)). On a Rule 12(b)(6) motion, the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the

---

[1] Defendants purported to attach, as Exhibit A, the Clark Declaration to their motion filed on April 6, 2020. (*See* Defs. Br. at 1). The document attached as Exhibit A was not the Clark Declaration. (*See* Doc. 43-1). Accordingly, on January 5, 2021, the Court directed Defendants to file the referenced Clark Declaration (Doc. 53), and the Clark Declaration was filed that same day (Doc. 54).

defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of actions." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs are often unfamiliar with the formalities of pleading requirements, courts must apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing the complaint of an individual represented by counsel. *Smith v. U.S. Dep't of Just. and Immigr. & Naturalization Serv.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002). While "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading

requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Cappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case, [] 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009))).

Furthermore, regarding the materials considered on a motion for judgment on the pleadings, "the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)). "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Id.* (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).

## ANALYSIS

The Court's analysis begins and ends with addressing the documents properly considered on the present motion. As an initial matter, "a *pro se* prisoner's complaint is considered filed on the date that the prisoner delivers the complaint to prison officials to send to the court." *Moreau v. Peterson*, No. 14-CV-0201, 2015 WL 4272024, at *5 (S.D.N.Y. July 13, 2015), *aff'd* 672 F. App'x 119 (2d Cir. 2017) (citing *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993)); *see also Walker v. Jastremski*, 430 F.3d 560, 562 n.1 (2d Cir. 2005) ("It is well-settled . . . that the date of filing a federal complaint by a *pro se* prisoner is, for statute of limitations purposes, the date of delivery to prison authorities."). Defendants urge this Court to consider the Clark Declaration

and the Disbursement Form to establish that Plaintiff's Complaint was not delivered to prison officials until January 9, 2018, at the earliest. (Defs. Br. at 5-6). Regarding the Disbursement Form, Defendants assert that judicial notice may be taken of prison records pursuant to Federal Rule of Evidence 803(6). (*Id.* at 5). Even if this were so, the Disbursement Form, standing alone, does not enable the Court to determine the date on which Plaintiff's Complaint was filed. The Disbursement Form shows only that "Legal Postage" was deducted from Plaintiff's account on January 9, 2018. (Doc. 43-2). The Disbursement Form does not identify the item Plaintiff sought to mail, or, more importantly, identify the date on which Plaintiff delivered his Complaint to prison officials for mailing.

As for the Clark Declaration, the Court does not consider it on the present motion. On a Rule 12(c) motion, the Court may only consider the pleadings, documents attached to the pleadings, matters of which the court can take judicial notice, and documents that are integral to the complaint. *L-7 Designs*, 647 F.3d at 422. The Clark Declaration apparently details the procedure Plaintiff followed when filing his Complaint in January 2018. There is no basis upon which the Court may properly consider the Clark Declaration at this juncture. Even if the Court were to consider the Clark Declaration, it simply does not answer the foundational question of fact at issue: when did Plaintiff turn over his Complaint to prison officials?

Plaintiff's Complaint is dated January 8, 2018, and the Court assumes, for the purpose of adjudicating Defendants' motion, that the statute of limitations expired on that day. Thus, accepting Plaintiff's Complaint as true, as the Court must at the pleading juncture, Plaintiff's First Amendment retaliation claim is not time barred. Accordingly, the Court cannot determine, at this juncture and without the benefit of discovery, whether Plaintiff's Complaint is untimely.

## CONCLUSION

Defendants motion for judgment on the pleadings is DENIED. Plaintiff's First Amendment retaliation claim shall proceed to discovery. Pursuant to Magistrate Judge McCarthy's directives, Defendants are directed to notify Judge McCarthy within three business days of the date of this Memorandum Opinion and Order that Defendants' motion has been adjudicated. (*See* June 8, 2020 Entry).

The Clerk is directed to terminate the pending motion (Doc. 43) and mail a copy of this Order to Plaintiff at the address provided on the docket.

**SO ORDERED:**

Dated: New York, New York
           January 7, 2021

Philip M. Halpern
United States District Judge