UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KEVIN THURMOND, *pro se*,

                        Plaintiff,

         -against-

AVION THOMAS-WALSH,
FREDERICK BERNSTEIN,

                       Defendants.
---------------------------------------------------------------X

**ORDER**

18 Civ. 0409 (PMH) (JCM)

Plaintiff Kevin Thurmond ("Plaintiff") commenced this *pro se* action on January 12, 2018 pursuant to 42 U.S.C. § 1983, alleging that Avion Thomas-Walsh and Frederick Bernstein (collectively, "Defendants") retaliated against him by withholding his allergy medication after he filed a grievance against them, in violation of the First Amendment. (Docket No. 2 at 5[1]) ("Complaint").[2] The instant dispute concerns Plaintiff's request that the Court "h[o]ld" its June 7, 2021 and June 11, 2021 Orders directing him to provide Defendants with a HIPAA release for his Office of Mental Health ("OMH") records ("OMH Release") "in abeyance" until the Court rules on Plaintiff's objection to disclosing such records. (Docket No. 78 at 1–2). The Court interprets Plaintiff's request as one for a protective order preventing the disclosure of his OMH records.[3] Plaintiff further requests that Defendants be ordered to provide him with a copy of his

---

[1] All page numbers refer to the pagination on ECF unless otherwise specified.

[2] Plaintiff's Eighth Amendment claim alleging that Defendants were deliberately indifferent to his medical needs was dismissed without prejudice on March 29, 2019. (Docket No. 26).

[3] *Pro se* submissions "must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

deposition transcript. (*Id.* at 2). For the foregoing reasons, Plaintiff's motion for a protective order is denied. Plaintiff's motion seeking to compel Defendants to provide him with a copy of his deposition transcript is granted.

## I. BACKGROUND

The Court limits the background facts to those necessary for the present application. Plaintiff alleges in his complaint that he suffered from allergy "attacks" beginning on December 24, 2013, which caused his skin to swell, turn red, sting, itch and bleed. (Complaint at 5). Plaintiff was prescribed hydroxyzine pamoate, generic for Vistaril, on December 24, 2013. (*Id.* at 25). On May 21, 2014, Plaintiff's medication was changed to hydroxyzine hydrochloride, generic for Atarax. (*Id.* at 7, 29). Plaintiff filed a grievance on June 5, 2014, complaining that Atarax did not relieve his symptoms and asking to be put back on Vistaril. (*Id.*). Plaintiff contends that as a result of his grievance, Defendants "refused" to give him any medication for approximately forty days, until July 8, 2014, which caused him to suffer emotional distress, *i.e.*, "[p]hobias" that prison personnel intended to hurt him. (*Id.* at 7). He further avers that he was not seen by a dermatologist until August 5, 2014. (*Id.*).

This matter was referred to the undersigned to oversee discovery on February 4, 2020. (Docket No. 36). On April 6, 2020, Defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Docket No. 43). Plaintiff opposed Defendants' motion on May 7, 2020, (Docket No. 45), which was denied on January 7, 2021, (Docket No. 55). Plaintiff's First Amendment retaliation claim proceeded to discovery. (*See id.*). On May 26, 2021, after conferring with Plaintiff by phone, Defendants submitted a letter to the Court indicating that discovery was complete, but that Defendants were still waiting for Plaintiff's deposition transcript and for Plaintiff's executed OMH Release. (Docket No. 70). Plaintiff

submitted two letters that same day asserting that discovery was complete and seeking leave to file a motion for summary judgment. (Docket Nos. 72, 73).  That day, the undersigned memo endorsed Defendants' May 26, 2021 letter, indicating that discovery remained open with respect to the issues of Plaintiff's deposition transcript and OMH Release and instructing Defendants to update the Court on the status of these items by June 25, 2021. (Docket No. 71).

On June 2, 2021, Defendants moved to compel Plaintiff to return an executed copy of his deposition transcript and OMH Release to Defendants' office. (Docket No. 74).  On June 7, 2021, the undersigned granted Defendants' motion and directed Plaintiff to return the OMH Release by June 18, 2021 and his executed deposition transcript within ten (10) days of receipt. (Docket No. 75).  The Court denied Plaintiff's request for leave to file a motion for summary judgment as premature. (*Id.*).  Plaintiff submitted a letter to the Court on June 4, 2021, which was uploaded to the docket on June 9, 2021, seeking to prevent the disclosure of his OMH records on the grounds that the records were not relevant and were privileged. (Docket No. 76 at 2–3).  The Court denied Plaintiff's motion on June 11, 2021 and issued an order reminding Plaintiff that he was obligated to return the OMH Release to Defendants by June 18, 2021. (Docket No. 77).  The Court further ruled that Plaintiff's OMH records were to be treated as confidential and could not be disseminated outside of this litigation. (*Id.*).

Thereafter, Plaintiff submitted the instant motion — which was dated June 12, 2021 and docketed on June 21, 2021 — requesting that the Court "h[o]ld" its orders directing Plaintiff to execute the OMH Release "in abeyance" until the Court considered his objection to executing such a release. (Docket No. 78).  Plaintiff also requested that Defendants provide him with a copy of his deposition transcript. (*Id.*).

## II. DISCUSSION

Plaintiff objects to executing the OMH Release, asserting that "the defendant lacks any legal basis" to obtain his OMH records, which he contends are "[p]rivileged." (Docket No. 78 at 1–2). Plaintiff avers in his present motion that the Court did not "receive[] [his] motion to deny defendants['] request for OMH-HIPPA records before" entering its June 11, 2021 order. (Docket No. 78 at 1). To the contrary, the undersigned considered and rejected Plaintiff's June 4, 2021 objections to executing the OMH Release — the same objections raised in the present motion — on the grounds that the OMH records are relevant to this litigation and are not privileged. (*See* Docket Nos. 76, 77).

The Court reiterates here that Defendants are entitled to Plaintiff's OMH records. A party may "'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *In re: Commodity Exchange, Inc., Gold Futures and Options Trading Litig.*, No. 14-MC-2548 (VEC), 2021 WL 2481835, at *2 (S.D.N.Y. June 17, 2021)[4] (quoting Fed. R. Civ. P. 26(b)(1)). "Relevance under Rule 26 'is obviously broad and liberally construed.'" *Gupta v. New Silk Route Advisors, L.P.*, 19-CV-9284(PKC), 2021 WL 1812202, at *3 (S.D.N.Y. May 5, 2021) (alteration omitted) (quoting *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V/Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)). Plaintiff alleges in his complaint that he suffered emotional distress after Defendants withheld his medication. (Complaint at 7). Specifically, Plaintiff claims that he suffered from "[p]hobias" that prison employees wanted to harm him. (*See id.*). As such, Plaintiff's OMH records are relevant to whether: (1) Plaintiff

---

[4] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

suffered emotional injuries; and (2) any such injuries were caused by the withholding of his medication. *See* Fed. R. Civ. P. 26(b)(1). Moreover, Plaintiff's conclusory assertion that his OMH records are "[p]rivileged" does not provide a sufficient basis for the Court to conclude that the records — which are relevant to Defendants' defenses — should not be produced. (*See* Docket No. 78). Plaintiff has not articulated any reason why these records are subject to privilege. Although *pro se* submissions are construed liberally, Plaintiff's "*pro se* status 'does not exempt [him] from compliance with the relevant rules of procedural and substantive law.'" *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Further, to the extent Plaintiff argues that the OMH records are confidential, the Court agrees and reiterates its June 11, 2021 directive that Defendants shall treat these records as such. (*See* Docket No. 77).

Finally, Defendants have indicated that they will send Plaintiff a copy of his deposition transcript. (Docket No. 74 at 1). Defendants are directed to provide Plaintiff with a copy of his deposition transcript within two (2) business days of receipt.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a protective order preventing the disclosure of his OMH records is denied. Plaintiff is directed to return the executed OMH Release to Defendants by July 2, 2021. If Plaintiff wishes to appeal this ruling to the Honorable Philip M. Halpern, such a motion should be made to Judge Halpern and not to the undersigned. Furthermore, Plaintiff's motion to compel Defendants to provide him with a copy of his deposition transcript is granted.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff.

Dated:    June 24, 2021
           White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge