

STATE OF NEW YORK
OFFICE O...

LETITIA JAMES
ATTORNEY GENERAL

July 1, 2021

Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Plaintiff shall file a response to this letter by July 16, 2021.
>
> Defendants shall serve a copy of this Order on Plaintiff, and shall file proof of service by July 6, 2021.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>            July 2, 2021

Re:   *Thurmond v. Avion Thomas-Walsh et al.*, 7:18-cv-00409 (PMH-JCM)

Dear Honorable J. Halpern:

In this 42 U.S.C. § 1983 action, this Office represents Defendants Avion Thomas-Walsh and Dr. Frederick Bernstein. The remaining claim in this action is plaintiff's First Amendment claim against Def. Thomas-Walsh alleging a retaliatory change in his medication on May 29, 2014 in reponse to a grievance and a supervisory claim against Def. Bernstein based on Def. Walsh's alleged retaliatory act. The claims for medical indifference were dismissed by the Hon. J. Kenneth Karas. *See* (Dkt. No. 26, Opinion and Order, J. Karas, 3/29/2019). Plaintiff is a convicted state prisoner who receives medical and mental health treatment from New York State.

In the Complaint (Dkt. No. 2, 1/12/2018), Plaintiff claims he suffered psychological injuries. *See Compl.* at 7. He claims "mental and physical and emotional pain and suffering" and "phobias". At his deposition, he declined to withdraw the claim of suffering from phobias and emotional, mental and psychological injuries. He has refused to return the signed HIPAA authorization for his New York State Office of Mental Health records (Dkt. No. 76, 6/9/2021) and (Dkt. No. 78, 6/21/2021) for the time period of 2014 – present despite this Court's order (Dkt. No. 79, 6/24/2021).

Plaintif has opened the door to discovery of his psychological records. *Cohen v. City of New York*, 2007 U.S. Dist. LEXIS 70762, 2007 WL 2789272, at * 5 (S.D.N.Y. Sept. 25, 2007) (noting that when a plaintiff assert[ed] she suffered from some psychological injury, it places her mental history in issue, which "opens the door to the possibility that the defendant should be allowed to explore either alternate causes for such psychological trauma and other mental health damages, and also to rebut the claim for the amount of damages that the plaintiff might seek from a jury"). *See also Wilkinson v. Lewis,* No. 15-CV-1395 (DNH/DJS), 2016 U.S. LEXIS 197525 (N.D.N.U. Nov. 2, 2016) (holding in seeking emotional

damages, Plaintiff has placed her mental health condition at issue in this lawsuit, thus rendering her medical and treatment records, both before and after the incident at issue, highly relevant and, in this regard, has waived any privileges she may assert thereto).

It appears that Plaintiff does not intend to provide a HIPPA authorization for the OMH records. (Dkt. No. 80, 6/24/2021, Pl. Appeal of Magistrate Judge Decision). Defendants ask that the Court preclude any evidence or allegations regarding psychological, mental, or emotional injuries. Plaintiff has erroneously stated the records are privileged, which they are not. Plaintiff opened the door to this discovery by seeking $100,000 for psychological injuries which remain unsubstantiated by any evidence. The records are the evidence that can either substantiate these claims of psychological injury. It is wrong to say the request is made on pure speculation when it is Plaintiff who has asserted the claim. The records are important as it would either substantiate or not substantiate the claim or provide an alternative reason for any such injuries.

Federal Rule of Civil Procedure 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The district court has wide discretion in punishing failure to conform to the rules of discovery." *Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988). Preclusion of evidence is among the sanctions which may be imposed for violation of a party's discovery obligations. *Fuller v. Summit Treestands, LLC*, No. 07-CV-330, 2008 U.S. Dist. LEXIS 125390, 2009 WL 483188, at *3 (W.D.N.Y. Feb. 25, 2009).

In *Outley*, the Second Circuit identified four factors courts must consider in determining whether preclusion of evidence or a witness is appropriate where a party has failed to meet discovery deadlines: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result [*9] of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (citing *Outley*, 837 F.2d at 590-91). "[A]lthough preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations, they are necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).

Hence, Defendants request that the Court preclude Plaintiff from presenting any allegation, testimony, or other evidence of psychological or emotional injuries in this case for failure to provide a signed HIPAA authorization for his New York State Office of Mental Health records.

Respectfully submitted,

*J. Powers*

Janice Powers, Esq.
Assistant Attorney General

cc via regular mail to:

*Kevin Thurmond (00-A-5247) Woodbourne Correction Facility  99 Prison Road  P.O. Box 1000 Woodbourne, NY 12788*