**MEMO ENDORSED.** *See Page 4.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         18-cv-00409(JCM)

Kevin Thurmond,
        Plaintiff,                   Failure to Make or to
                                      Cooperate in Discovery
v.                                    Fed.R.Civ.P. rule 37(a)

                                      Motion for an Order
Avion Thomas-Walsh, Medical Provider  Compelling Discloser or
Frederick Bernstein, Nurse Administrator   Discovery
        Defendant.

The Honorable Judith C. McCarthy, United States Magistrate Judge

    Your Honor,

    On October 1, 2021, I mistakenly filed a motion with the Honorable Philip M. Halpern, I respectfully apologize.

    On August 4, 2021, I the plaintiff made a request with the defendant for Production and Copys of Documents pursuant to Fed. R.Civ.P. Rule 26 (b) discovery which states in the shortest terms " Parties may obtain discovery regarding any nonprivilieged matter that is relevant to any partys claim or defense and proportional to the needs of the case, considering the importance of the issue at stake in the action: [Fed.R.Civ.P.26(4)(b)(1)] (See* Exhibit-A, copy of Request for Production and Copys of Documents dated: 8/4/21).

    (2) On September 3, 2021, I the plaintiff in a good faith made second request with the defendant who failed to make the requested copys of documents available that are in their control, in an effort to obtain it without court action (See* Exhibit-B, copy of second request for production and copys of Documents dated: 9/3/21).(* These documents are all under the defendants control and custody. A prime example is when defendant sent plaintiff a Initial disclosures of all of plaintiffs medical records without

plaintiffs consent(See\* evidence defendant intends to present at trial dated:~~[struck]~~). > March 1, 2021\* K.T.

(3) Your Honor, the Department of Corrections is a State Agency under the control of the New York State Attorney Generals Office when it comes to obtaining documents relevant to this claim by the by the plaintiff and all relevant documents as they represent the defendants because they are New York State employees(See\* also Zubulake v. UBS Warburh LLC, U.S.D.C. (S.D. NewYork 10/22/03), 220 F.R.D. 212 and Fed.R.Civ.P. 34(a)"Duty to Preserve evidence ".

(4) Plaintiff is requesting copys of " Department of Correction Documents ", which are " Referrals " that resulted in plaintiff being screened by " Central New York Psychiatric Center " which is also an Agency of New York State and is therefore also loyal to protect the interest of New York State who the plaintiff is presently in litigation with pusuant to a 42 USCA 1983 Lawsuit against State of New York employees Avion Thomas-Walsh and Frederick Berstein that the State of New York is representing.

(5) Your Honor, these " Referrals " are important documents and are crucial and much needed evidence so plaintiff can not only prove and support his allegations of emotional distress(Phobias), emotional pain and physical suffering, but also challenges the authenticty of these " Screenings " that the State Agency " Central New York Psychiatric Center " has turned over to the New York Attorney General Office to defeat plaintiffs allegations.

(6) Your Honor, the whole purpose of these " Referrals " that was submitted by " Department of Correction employees as well as the one submitted by the plaintiff, so that plaintiff would be seen or screened by the " Office of Mental Health " Psychiatrist

on the subject matter contained in these referrals.

(7) Your Honor, if these screenings do not discuss the subject matter of thes " Referrals " then these " Screenings " are questionable.

(8) As stated in plaintiffs motion to Compel these documents are important and much needed evidence that authenticates and supports plaintiffs allegations of emotional distress (Phobias) (See* Screening/Admission Note enclosed dated: 10/30/17 (Exhibit-11), this document states that plaintiff was referred by medical staff. " Referral states ": " Increased anxiety if not able to recei ve medication ". The 42 USCA 1983 Complaint, Para. 1-2, states exactly what the " Referral by Medical Staff states ", which is that plaintiff experienced " Anxiety " which emotional distress (Phobias) when he was refused his medication by the defendants and also indicates emotional pain and physical suffering because plaintiff believed by this refusal to give him the medication that alleviated his painful hives attacks the defendants intentions were " to hurt " him.

(9) The " Referral or Self Referral " by plaintiff dated: 6/24/14, where referral states : He was depressed and that his (Plaintiff) nerves were " shot " do to painful itching attacks, supports plaintiffs allegations of emotional pain and physical suffering (See* complaint dated: 1/8/18, pg.-5).

Wherefore, plaintiff humbly asks that the Court issue an Order Compelling the defendants to provide plaintiff with copies of these " Referrals " requested by plaintiff for the Screenings dated: 10/30/17, 6/24/14, and 6/28/18 and whatever else the Court deems suitable.

Respectfully Submitted,

_____
Signature

C: K.W.T.

Date: 11/18/21

**SO ORDERED:**
Defendants are directed to respond to this motion by December 2, 2021. The Clerk is directed to mail a copy of this endorsement to the *pro se* Plaintiff.

_____ 11-30-21
JUDITH C. McCARTHY
United States Magistrate Judge