RECEIVED
SDNY PRO SE OFFICE
2022 MAR -4 PM 2:34

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    18-cv-00409(PMH)

> On February 16, 2022, the Court granted Defendants' request for leave to move for summary judgment and set a briefing scheduled. (Doc. 106). On March 4, 2022, Plaintiff filed three documents: (1) this pre-motion letter seeking leave to file a cross-motion for summary judgment (Doc. 110); (2) a statement of material facts in support of his proposed cross-motion for summary judgment (Doc. 109); and (3) a request for sanctions against Defendants' counsel (Doc. 108). Defendants' counsel is directed to file a response to those documents by March 15, 2022.
>
> Defendants' counsel is directed to serve a copy of this Order on Plaintiff and to file proof of service on the docket.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        March 7, 2022

material fact and the movant is entitled to judgment as matter of law.

It is understood " a fact is material only if it might affect the outcome of the suit under governing law <u>Id</u>.

**First Amendment Retaliation Claim against Avion Thomas-Walsh, Plaintiffs Medical Provider.**

The defendant has not presented one scintilla of evidence showing there is a " genuine dispute to any material facts" presented by plaintiff in his pleadings stating that his medical provider Avion Thomas-Walsh retaliated against him, because of grievances filed against her in February, 2014, by denying plaintiff " Vistaril ", that was effective in treating his " Hives.

That she intentionally changed the medication to " Atarax ". Knowing it was not strong enough to stop plaintiffs severe hives attacks in retaliation for filing grievances against her on February 24,2014.(Compl.5)(Pl's Opp'm.5 Dated: 6/11/18).

(Page 1 of 7)

Your Honor, the plaintiff has a constitutional right to file grievances through the " Inmate Grievance Office " in the prison for a redress of grievances against his medical provider Avion Thomas-Walsh without fear of retaliation against him by the defendant who deliberately interrupted and denied the plaintiffs effective medication Vistaril that plaintiff was taking for the last five months. This medication effectively alleviated the extremely painful attacks cause by his serious skin condition called Hives.

The defendant switched the plaintiffs medication Vistaril to the weaker medication " Atarax " , knowing it was not strong enough to stop the Hives attacks(Exhibit-B in Compl.).

Your Honor, the grievances that were filed against defendant on 2/24/14, shortly before the defendant retaliated against plaintiff was decided on April 17,2014 by the Superintendent (Grievance #76699-14, Exhibit-1 PL"s Opp. dated: 6/11/18). it was appealed to the CORC on May 7,2014. Plaintiff asked for a new provider in the grievance.

This grievance caused resentment in the defendant where in retaliation plaintiffs medication Vistaril was interrupted, denied and switched to Atarax for no other reason than to cause him excruciating pain and suffering. This is a violation of plaintiffs first Amendment right against retaliation(Bartley v. Collins,No.95-cv-1016, 2006 WL 1289256, at 4(S.D.N.Y. May 10,2006)(Citing Gayle V. Gonyea, 313 F.3d 671(2d Cir.2002)(Compl.Exhibit-B,dated: 6/11/18).

Your Honor, On May 21,2014, plaintiff in need of a new supply

(Page 2 of 7)

of itch medication " Vistaril ", that plaintiff has been taking since February 24,2013(Compl. Exhibit-B), went to see defendant Thomas-Walsh.

Plaintiff made the defendant aware that since he ran out of itch medication, he'd been having extremely painful itching attacks again and needed a new supply of Hydroxyzine Pamoate (Vistaril) because the pain from the hives attacks was too much to endure without medication.

Plaintiff would be relaxing and all of a sudden the area would become red and start burning and stinging, then swell up and start itching uncontrollably in all areas of his body. It would not stop for an hour. Just continuous and painful scratching to the point of bleeding from itching or even worse if plaintiff did not cut his nails. Plaintiff would have red welts all over his body.

Red welts on the skin was bruised to the point of bleeding. (Plaintiff recently received medical records through discovery dated: 12/24/13 enclosed. Thomas-Walsh stated in her notes " Keep finger nails short ". This is when plaintiff was first issued " Vistaril ")(Defendant also states in notes that Hives also attacked plaintiffs " arms, legs, and face).

Defendant Thomas-Walsh also states that Vistaril is for itching,not for anxiety in medical report dated: 12/24/13). (Exhibit-4, in pl's Opp. dated: 6/11/18).

Defendant Thomas-Walsh then said " No " first, then said " Okay ". Plaintiff did not receive " Vistaril " when he went to the medical window May 21,2014, but was issued Attarax (Hydroxyzine HCL). (medical record dated: May 21,2014 received

(Page 3 of 7 )

Enclosed).

Your Honor, the CORC acknowledge in its decision dated: 1/14/15 (Compl. Exhibit-C) that plaintiffs need for Vistaril was real and established when they stated with approval that " although not usually prescribed for longterm use, plaintiff is currently prescribed " Vistaril " (Hydroxyzine Pamoate) and Benadryl for itch relief ".

This is over 8-months after defendant deliberately interrupted, denied and switched plaintiff medication Vistaril that effectively stopped plaintiffs Hives attacks. Vistaril was also prescribed by the Dermatologist on 9/18/14 for longterm use.(Medical Report in Pl's Opp. dated: 6/11/18, Exhibit- 9)(Please note* Dermatolo gist wrote " Pamoate " after Atarax (Hydroxyzine HCL) to make it clear he was ordering Vistaril (Hydroxyzine Pamoate) for plaintiff. (Medical report dated: May 29,2014 acknowledging that plaintiff made defendant aware that the medication " Atarax " did not work (enclosed).

From May21,2014 when defendant switched plaintiff medication to Atarax until he was prescribed Benadryl on July 8,2014(Compl.7, 23),plaintiff was in extreme pain. Plaintiff took Atarax for three days straight and still had excruciating and painful Hives attacks that never subsided. The medication Atarax never worked. Plaintiff went 7-weeks without effective medication at all.(Pl's Opp. Exhib-2,dated: 6/11/18).

It should be noted by the court several most important material fact observations: 1) That on July 8,2014 plaintiff was again denied Vistaril by defendant Thomas-Walsh who at this time was accompanied by the Nurse Administrator Frederick Berstein and given Benadryl(Compl.Exh.-A and Pl. Opp.Exh.-C dated:6/11/18).

(Page 4 of 7)

The defendants hostility towards plaintiff after letting her know the medication did not work as all, when defendant responded " No!", Im not giving you anything! Get out!(Pl.Opp. dated:6/11/18 Pg.-4 K.T. made apparent her resentment and need for revenge against plaintiff.

Your Honor, Avion Thomas-Walsh ordering plaintiff the same medication " Atarax " twice, even though she knew it was not effective in treating plaintiffs severe skin condition called Hives, is evidence of a culpable state of mind that defendants intentions was for plaintiff to experience extreme pain and suffering.

This denial of effective medication " Vistaril " which a alleviated plaintiff severe symptoms from Hives caused plaintiff to go through mental and Physical and emotional pain and suffering that resulted in " Depression " from uncontrollable and painful itching Attacks, being that he was not recieving any help from Medical(See* OMH Screenings - Visitt-1, 6/24/14 -10:00am, Pg.-1 of 4, Dated: 7/22/14 and History of Present illness).

Plaintiffs " Depression " was so serious that he was placed on " Active Screen Status and brief Psychotherapy with a psychiatrist from 6/24/14 to 7/22/14 ( See* OMH Screening " Treatment needs/ Service Level Designation , dated: 6/24/14 and 7/22/14).

When plaintiff received Benadryl on 7/8/14, which gave him temporary relief from his severe symptoms from Hives,only then did plaintiff feel relieved enough to ask that his OMH Screenings be discontinued.

Frederick Beernstein, Supervisor Liability First Amendment Retaliation Claim
---

(Page 5 of 7   )

There is no genuine dispute over the material fact that defendant Bernstein, the Nurse Administrator and Supervisor of defendant Thomas-Walsh vio lated plaintiff First Amendment Right to be free from retaliation for exercising his right to file grievances by directly participating in and condoning and actively supporting his subordinate Thomas-Walsh retaliation against plaintiff to cause him extreme pain and suffering by denying him effective medication " Vistaril " that stopped plaintiff from having severe attacks from a serious skin condition of Hives for 7-weeks, in retaliation for a grievance filed against Thomas-Walsh on February 24,2014 for HIV testing and asking that he be assigned a new medical provider to replace Thomas-Walsh.

There is no genuine dispute over this material fact and that no Jury could find verdict for the defendant in his favor because on 5/29/14 plaintiff wrote the defendant Bernstein a detailed letter explaining the horrifying experienced of the retaliation from his subordinate, plaintiffs medical provider Thomas-Walsh (Pl.Opp. Exh.-4, dated: 6/11/14).

on June 12,2014 , the defendant Bernstein responded in a letter to the plaintiff, stating that he had reviewed plaintiffs medical records and concluded that defendant THOMAS_Walsh had " Prescribed the correct medication ". That he found no medical reason to change plaintiffs medical provider( Compl. Exhibit-A).

Plaintiff is entitled to Compensatory Damages for " Mental and physical and emotional pain and sufferings that resulted in " Depression and uncontrollable and painful itching attacks caused by both defendants who violated plaintiffs first Amendment Rights against retaliation by withholding effective medication Vistaril

(Page 6 of 7 )

for exercising his right to file grievances.

Damages:

1. Thomas-Walsh: $2,500.00 a day for 7-weeks without effective medication and for mental and phsycal and emotional pain and suffering.

2. Bernstein: $2,500.00 a day for 7-weeks wihout effective medication and for mental and physical and emotional pain and suffering.

Your Honor, Plaintiff has demonstrated the absence of a genuine issue of material fact. There is no genuine dispute regarding any issue for a trial or for a Jury to find verdict favoring the defendant.

The Supreme Court ruled: " where the record taken as a whole could not lead a rational triet of fact to find verdict for the [non-moving] party, there is no genuine issue for trial".
Ricci v. De Stepfano, 557 U.S. 577,586,129 S.ct. 2658,174 L.ed. 2d 490(009)

Your Honor, I humbly ask that the Court allow me to file a rule 56 motion.

Dated: 2/27/22           Respecting Submitted,
                         [signature]

C:K.W.T.

(Page 7 of 7)

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
                    ss.:
COUNTY OF SULLIVAN)

I, Kevin Thurmond, DIN: 00A5247, being duly sworn, deposes and says:

On the 27 day of February, 20 22 I mailed a true and exact copy of my Pre-Motion for Permission to file Motion for Summary Judgment and Statement of Material Facts. Also enclosed " Request for Sanctions " dated: 2/27/22 to the following:

**To:**
Pro Se Intake Unit
500 Pearl Street
Room 200
New York, N.Y. 10007

by placing the properly address postage-paid envelopes in the mailbox regularly maintained by the Woodbourne Correctional Facility.

Respectfully submitted,

Kevin Thurmond # 00A5247
Woodbourne Correctional Facility
99 Prison Rd. / P. O. Box 1000
Woodbourne, New York 12788

Sworn to before me this ___,
day of _____, 20___.

_____N/A_____
NOTARY PUBLIC

I swear under the penalty of perjury Pursuant to 28 U.S.C.A. 1746 that the above is true and Correct.
Date: 2/27/22

Signature

Kevin Thurmond #00A5247
Woodbourne Correction Facility
99 Prison Rd./ Box 1000
Woodbourne, N.Y. 12788

WOODBOURNE CORRECTIONAL FACILITY

NEOPOST
02/28/2022
US POSTAGE $001.76
ZIP 12788
041M11284544

SDNY PRO SE OFFICE
2022 MAR -4 PM 2:28

To: Pro Se Intake Unit
500 Pearl Street
Room 200
New York, N.Y. 10007

USM P3 SDNY

LEGAL MAIL